IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RICHARD A. GWALTNEY,                )
                                    )
            Plaintiff,              )
                                    )
    v.                              )       1:16CV432
                                    )
ANTHONY WHITE,                      )
                                    )
            Defendant.              )

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) in conjunction with his pro se Complaint (Docket Entry 2). The Court will grant Plaintiff's instant Application for the limited purpose of recommending dismissal of the Complaint for lack of subject matter jurisdiction.

**LEGAL BACKGROUND**

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its problems. . . . In particular, litigants suing in forma pauperis

d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides that "the [C]ourt shall dismiss the case at any time if the [C]ourt determines . . . the action . . . is frivolous." 28 U.S.C. § 1915(e)(2). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In assessing such matters, the Court may "apply common sense," Nasim, 64 F.3d at 954; see also Nagy, 376 F.3d at 256-57 ("The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." (some internal quotation marks omitted)), and may consider subject matter jurisdiction as part of the frivolity review, Overstreet v. Colvin, No. 4:13-CV-261, 2014 WL 353684, at *3 (E.D.N.C. Jan. 30, 2014) (citing Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure")).

"'[F]ederal courts are courts of limited jurisdiction,' constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998) (quoting Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)). The party invoking jurisdiction, here Plaintiff, has the burden of establishing subject matter jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). "The complaint must affirmatively allege the grounds for jurisdiction," Overstreet, 2014 WL 353684, at *3, and the Court must dismiss the action if it determines that subject matter jurisdiction does not exist, Fed. R. Civ. P. 12(h)(3).

## ANALYSIS

The Complaint fails for lack of subject matter jurisdiction. In that regard, the Complaint alleges that Plaintiff and Defendant are both residents of Kannapolis, North Carolina. (Docket Entry 2 at 2.) As a result, Plaintiff has failed to carry his burden of satisfying the diversity jurisdiction statute, see 28 U.S.C. § 1332(a). See, e.g., Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005) ("[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."); Sanderlin v. Hutchens, Senter & Britton, P.A., 783 F.

-3-

Supp. 2d 798, 801 (W.D.N.C. 2011) ("Plaintiffs have not satisfied the complete diversity requirement. Specifically Plaintiffs and Defendant Hutchens, Senter & Britton, P.A. are both citizens of North Carolina.").

Additionally, the Complaint does not assert any claims under the United States Constitution, federal law, or federal treaties to confer federal question jurisdiction under 28 U.S.C. § 1331; instead, it merely lists causes of action for (1) "Civil Rights Violations," (2) "Privacy Act," (3) "Bill of Rights," (4) "Freedom of Religion," (5) "Freedom of Speech," (6) "False Accusations," (7) "Defamation of Character," (8) "Trademark Infringements," and (9) "Discrimination" (Docket Entry 2 at 2). To the extent the Complaint nominally references federal constitutional or statutory rights, it does not contain any factual matter that conceivably could support such claims, including any allegations that could warrant an inference of state action by Defendant. See Kidwell v. Transportation Commc'ns Int'l Union, 946 F.2d 283, 297 (4th Cir. 1991) (explaining that for a plaintiff "[t]o raise [a] First Amendment argument, the [defendant's] actions must constitute state action"); see also id. (observing that "[s]tate action has been found where the deprivation of constitutional rights has been caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible, and where the private party

-4-

charged with the deprivation could be described in all fairness as a state actor" (internal quotation marks and citation omitted)). Under these circumstances, any attempted invocation of federal question jurisdiction, see 28 U.S.C. § 1331, fails so clearly as to mark this action as frivolous, see, e.g., Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) ("In determining the presence of a federal question, this [c]ourt looks to the substance, not the labels, of the plaintiff's claims as contained in the factual allegations in the complaint.").[1]

Finally, Plaintiff previously filed a lawsuit against Defendant, two additional pastors, and the Refuge Church, in which he asserted claims for "Stalking," "Defamation," and "Restraining where [he] sit[s] in church." Gwaltney v. Refuge Church, No. 1:15CV772, 2015 WL 5774851, at *2 (M.D.N.C. Sept. 30, 2015) (brackets in original) (internal quotation marks omitted), recommendation adopted, slip op. (M.D.N.C. Oct. 23, 2015). This

---

[1] Plaintiff attached to his Complaint more than sixty pages of exhibits, which generally include: (1) litigation documents involving a State court action interpreting a no-contact order that prevents Plaintiff from contacting Defendant; (2) an article from http://www.employerlawreport.com related to the Stored Communications Act, 18 U.S.C. §§ 2701-2712; (3) a copy of the United States Constitution and Bill of Rights; (4) a document providing brief explanations of the Bill of Rights; (5) documents extracted from the Refuge Church's website; and (6) an article from Wikipedia on the privacy laws of the United States. (Docket Entry 2-1.) Notably, none of those documents detail any interaction between Plaintiff and Defendant that would establish federal question jurisdiction. (See id.)

Court dismissed that lawsuit for lack of subject matter jurisdiction. Id. Plaintiff's attempt to raise the same underlying issues as to which the Court found no jurisdiction further renders this action frivolous.

In sum, the Complaint fails to establish subject matter jurisdiction in an obvious manner that warrants dismissal of this action as frivolous.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED** for the limited purpose of entering this recommendation of dismissal.

**IT IS RECOMMENDED** that this action be dismissed for lack of subject matter jurisdiction.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

June 13, 2016